Roger Lee **DICKERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–84–051–CR(T).

Court of Appeals of Texas, Austin.

Jan. 23, 1985.

Rehearing Denied Feb. 13, 1985.

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Dallas, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and BRADY, JJ.

### ORDER

PER CURIAM.

This is an appeal from a judgment of conviction for aggravated rape of a child. Tex.Pen.Code § 21.03(a)(5) [1981 Tex.Gen. Laws, ch. 202, § 1, at 471, repealed by 1983 adoption of Tex.Pen.Code Ann. § 22.011 (Supp.1984)]. After a jury trial resulting in a verdict of guilty, the court assessed punishment at incarceration for sixty years.

The appellant's brief was filed in this Court on October 29, 1984. The State's brief was therefore due to be filed, under the provisions of Tex.Code Cr.P.Ann. art. 40.09(10) (Supp.1984), no later than November 28, 1984. On December 27, 1984, it having been noted that no State's brief had

been tendered for filing, the Clerk of this Court notified counsel for the State of that fact and advised that the brief was to be submitted on or before January 11, 1985. The body of that letter is reproduced in the footnote below.[1] No State's brief has yet been tendered for filing, and no motion for extension of time has been presented.

Article 40.09(10) provides, in relevant part, as follows: "Within 30 days after appellant files his brief with the clerk of the appellate court, the state *shall* file with the clerk of the appellate court the original and three copies of its brief ..." (emphasis added). Further, Tex.Code Cr.P.Ann. art. 2.01 (Supp.1984) provides in part: "Each district attorney *shall* represent the State in *all* criminal cases in the district courts of his district *and in appeals therefrom ...*" (emphasis added). *See also* Tex.Code Cr.P. Ann. art. 2.02 (Supp.1984); State Bar of Texas, Rules and Code of Professional Responsibility DR 6–101, EC 7–1 [appended to Tex.Rev.Civ.Stat.Ann. art. 320a–1 (1973)].

■ Under the provisions of Tex.Cr. App.R. 205, as amended, effective February 1, 1982, it is clear that a party may obtain oral argument only by filing a brief. In the absence of a brief and, consequently, oral argument, it can hardly be said that the State has been represented by its district attorney in accordance with the statutory requirements. Unlike the Court of Criminal Appeals, which has a Prosecuting Attorney to represent the State before it, this Court must rely solely upon the appropriate district and county attorneys to fulfill that responsibility. In the absence of that representation, the efficiency of this Court is reduced, for the State's position becomes a matter of conjecture, and judicial time is expended in legal research which should have been supplied by the State. In an even more fundamental way,

1. "... [O]ur records reflect that the appellant's brief was filed in this Court on October 29, 1984, not accompanied by a request for oral argument. The State's brief was therefore due November 28, 1984. Tex.Code Cr.P.Ann. art. 40.09(10) (Supp.1984). We have not received the brief or any request for extension of time from your office.

"We assume that this is due to inadvertent oversight. Please submit the State's brief in this cause on or before January 11, 1985. *See* Tex. Code Cr.P.Ann. art. 2.02 (Supp.1984); Tex.Cr. App.R. 202(c). Upon receipt of the State's brief, this cause will be submitted in due order upon briefs."

the State's inaction impairs what should be a true adversary system. It is patently obvious from the statutory provisions quoted above that the legislature did not intend to allow convictions to go undefended on appeal, or to burden the time and impartiality of appellate courts by prosecutorial inertia. *See* Tex.Code Cr.P.Ann. art. 1.03 (1977).

■ If, in fact, counsel for the State experiences difficulty in meeting the timetable for briefing provided by art. 40.09(10), or by the subsequent direction of a letter from the Court, it is incumbent upon the State's counsel to communicate that difficulty to the Court. It is not, however, permissible to remain silent and ignore the requirements of the statutory provisions and the Court's written instructions.

Accordingly, as authorized by Tex.Cr. App.R. 202(c), it is hereby ordered that the Honorable Henry Wade, District Attorney of Dallas County, file a competent, responsive brief in this cause on or before February 8, 1985.